# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ISRAEL CANTU HERRERA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-3155 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner, a state prison inmate, seeks habeas corpus relief under 28 U.S.C. § 2254.  He challenges a 2003 conviction for murder in cause no. 00-CR-3685-E in the 148th District Court of Nueces County, Texas.  Petitioner received a 30-year sentence.

Petitioner filed a prior federal writ application in this Court challenging the same state court conviction.  *See Herrera v. Dretke*, No. C-04-CV-532.  In that case, this Court granted the Respondent's motion for summary judgment and dismissed the prior federal application.  *See Id.*, Docket Entry No. 25.

In general, federal habeas petitioners must bring their claims in one action.  28 U.S.C. § 2244(b) provides, in part:

> (1) A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application

under § 2254 that was not presented in a prior application shall be dismissed unless --

(A) the applicant shows that the claims rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed.

Here, Petitioner's sole ground for relief is that his counsel was ineffective for instructing Petitioner to perjure himself in his plea hearing concerning drug use. Petitioner raised this claim in his prior federal application. *See Herrera v. Dretke*, No. C-04-CV-532, Docket Entry No. 1, p. 25. This application should be dismissed under 28 U.S.C. § 2244(b)(1).

2

This Court dismissed petitioner's prior application as time barred under 28 U.S.C. § 2244(d). Petitioner offers nothing in this application showing why his ineffectiveness claim raised here is not time barred. Petitioner's claim of ineffective counsel at the plea hearing raised in this application is still late, only more so.

Accordingly, it is ORDERED that this action be DISMISSED as successive under 28 U.S.C. § 2244(b)(1) and as time barred under 28 U.S.C. § 2244(d).

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 534 U.S. 945 (2001). A certificate of appealability will not issue.

SIGNED at Houston, Texas, on this 16th day of September, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge